UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaFalle Jones and Sara Jones,

    Plaintiffs,

v.                                                      Case No. 08-13223

Option One Mortgage Corporation *et al.*,           Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

On June 20, 2008, acting *pro se*, Plaintiffs LaFalle Jones and Sara Jones ("Plaintiffs") filed suit against the following Defendants in Wayne County Circuit Court: 1) Option One Mortgage Corporation ("Option One"); 2) Trott & Troff, P.C. ("Trott & Trott"); 3) Wayne County Sheriff Dept.; 4) HSBC Bank USA Trustee ("HSBC"); 5) Henry M. Paulson, Jr., Secretary of the Treasury, United States; and 5) Michael B. Mukasey, U.S. Attorney General. On July 28, 2008, Defendants Henry M. Paulson, Jr., Secretary of the Treasury, and Michael B. Mukasey, Attorney General of the United States, who are both federal officers (hereinafter referred to as "the Federal Defendants"), removed the action to this Court, pursuant to 28 U.S.C. §1442(a)(1). In an Opinion & Order dated September 25, 2008, this Court granted a Motion to Dismiss filed by the Federal Defendants. The following motions have been filed by the remaining Defendants and are now before the Court: 1) the Wayne County Sheriff Department's Motion for Summary Judgment (Docket Entry No. 5); and A Motion for Summary Judgment brought by Defendants Option One, Trott & Trott and HSBC (Docket Entry No. 10). Oral

1

argument was heard on November 6, 2008. For the reasons that follow, the Court shall GRANT both motions and dismiss this action with prejudice.

BACKGROUND

On June 20, 2008, Plaintiffs filed this action in Wayne County Circuit Court and the action was assigned to the Honorable John A. Murphy and given Case No. 08-115744. Plaintiffs' *pro se* complaint asserts several claims against Defendants.

On or about July 9, 2008, Defendants Option One, Trott & Trott and HSBC filed a Motion for Summary Disposition in the state court action before Judge Murphy. On July 28, 2008, however, before that motion was ruled upon by the state court, the Federal Defendants removed the action to this Court, pursuant to 28 U.S.C. §1442(a)(1).

On August 27, 2008, the Wayne County Sheriff's Department filed a Motion for Summary Judgment.

On October 3, 2008, Defendants Option One, Trott & Trott and HSBC filed "Defendants' Previously Filed State Court Motion To Dismiss Complaint And For Sanctions. (Docket Entry No. 10).

On September 16, 2003, and October 3, 2008, Plaintiffs filed written responses to the pending motions. The two responses are virtually identical and do not address any of the grounds for relief raised in either of the two pending motions. Rather, the responses make general assertions about due process, without explanation as to how such assertions relate to the pending motions, and cite a Michigan Court Rule, without any explanation as to why the rule is cited or how it possibly relates to the pending motions. The responses further contain vague references that bear no relation to the issues raised in the motion. For example, the responses

2

appear to assert that Plaintiffs were denied a fair trial in the state court and appear to assert that summary judgment should be denied because "[t]here is no case in this court for defendant to file a summary judgment on."

ANALYSIS

A.   Motion To Dismiss Filed By Defendants Option One, Trott & Trott and HSBC.

Defendants Option One, Trott & Trott, and HSBC state that the only relationship that any of them has ever had with Plaintiffs is in respect to Plaintiffs' mortgage that was subsequently foreclosed. Defendants assert that Plaintiffs are "serial filers" who have engaged in a bad faith effort to thwart their foreclosure and eviction proceedings by filing several frivolous lawsuits against them. In their motion, Defendants establish that before filing this current action in Wayne County, which was then removed to this Court, Plaintiffs had already filed two other lawsuits against Defendants in Wayne County Circuit Court: 1) Case No. 06-629446, before the Honorable Wendy M. Baxter; and 2) Case No. 08-10013, before the Honorable Cynthia D. Stephens.

Judge Baxter dismissed Plaintiffs' initial case in an order dated December 4, 2007, wherein she granted Defendants' Motion for Summary Disposition after concluding that the complaint failed to state a claim upon which relief can be granted. (*See* Ex. B to Defs.' Motion).

Judge Stephens dismissed Plaintiffs' second action against Defendants, Case No. 08-100103, in an order dated March 14, 2008, wherein she ruled that "all transactions and occurrences have previously litigated without appeal and are now barred, and also for failing to state a claim upon which relief can be granted." (*See* Ex. C to Defs.' Motion).

Defendants now ask this Court to dismiss this action – Plaintiffs' third lawsuit against

3

these same Defendants -- because it is barred by the doctrine of res judicata. The Court agrees that this action is barred by the doctrine of res judicata and shall therefore GRANT this motion.

B.     <u>Motion For Summary Judgment Filed By Wayne County Sheriff's Department.</u>

In an attempt to understand the vague and rather bizarre allegations against it, the Wayne County Sheriff's Department (the "Sheriff's Department") notes that Plaintiffs' complaint alleges that it "used counterfeit securities to defraud and dispossess this Petitioner" in connection with a foreclosure sale. (Compl. at 10). The Sheriff's Department asserts that it is entitled to summary judgment because there can be no dispute that it was not involved in the financial transactions at the mortgage foreclosure sale at issue. Its brief lays out, in detail, how a sheriff sale and/or mortgage foreclosure sale by advertisement proceeds in Michigan. It then notes that, "[n]owhere in the entire process does the Sheriff handle any of the financial transactions between the sellers and buyers. Thus, Plaintiffs' claims that the Sheriff uses counterfeit securities to defraud are without merit and should be dismissed." (Def.'s Br. at 6). Plaintiffs have not responded to this ground for relief and have not submitted any evidence to establish that the Sheriff's Department used any counterfeit securities in relation to any transaction with Plaintiffs.

The Department further asserts that, to the extent that Plaintiffs' complaint alleges additional claims that are based upon some breach of fiduciary duty by the Sheriff's Department, those additional claims also fail. Its motion asserts that the "Sheriff does not have a pecuniary interest in who obtains the foreclosed properties. The Sheriff does not have a fiduciary duty to the Plaintiffs and did not breach their trust. Thus, Plaintiffs' claims fail and should be dismissed." (Def.'s Motion at 7). Plaintiffs did not respond to this ground for relief and have submitted no evidence that could establish that the Sheriff's Department owed a fiduciary duty to

Plaintiffs.

The Court shall therefore GRANT the Sheriff's Department's motion.

CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that the Wayne County Sheriff Department's Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment brought by Defendants Option One, Trott & Trott and HSBC (Docket Entry No. 10) is **GRANTED.**

IT IS SO ORDERED.

                                                  S/ Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Date: November 12, 2008

I hereby certify that on November 12, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

La Falle and Sarah Jones
42015 Ford Road
#130
Canton, MI 48187

                                                  S/ Jennifer Hernandez
                                                  Case Manager